

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXX~~XXXXX
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-1316
Re: Does the commissioners' court have the authority to arrange with the Rosenberg Library to serve as a county library?

Your request for our opinion on the above stated question has been received by this department.

Your letter reads, in part, as follows:

"The Commissioners' Court of Galveston County have been considering the establishing of a County Library. They also have under consideration a suggestion that the County arrange with the Trustees of the Rosenberg Library, located in the City of Galveston, to render the service that a County Library might render by contributing or paying to the Rosenberg Library a compensation for this service.

"The Rosenberg Library was not established by the City of Galveston and is not maintained by the City. The Library was a gift of the late Henry Rosenberg. who among numerous bequests, also bequethed the library, and which has been maintained by an endowment provided for in his will."

This department has held in Opinion No. 0-690 that the commissioners' court does not have the authority to donate money to private endowed libraries. Complying with your request asking for a copy of this opinion, we enclose herewith a copy of the same for your convenience.

Article 1677 of Vernon's Civil Statutes reads as follows:

"The Commissioners' court of any county may establish, maintain, and operate within their respective counties, county free libraries in the manner and with the functions prescribed in this title. The said court shall also have the power and authority to establish in co-operation with another county or counties a joint free county library for the benefit of the co-operative counties."

Article 1694, Vernon's Civil Statutes, reads as follows:

> "Instead of establishing a seprate county free library, upon
> petition of a majority of the voters of the county, the
> commissioners court may contract for library privileges from
> some already established library.  Such contract shall provide
> that such established library shall assume the functions of
> a county free library within the county with which the
> contract is made, including incorporated cities and towns
> therein, and shall also provide that the librarian of such
> established library shall hold or secure a county librarian's
> certificate from the State Board of Library Examiners.  Said
> court may contract to pay annually into the library fund
> of said established library such sum as may be agreed upon,
> to be paid out of the county library fund.  Either party to
> such contract may terminate the same by giving six months
> notice of intention to do so.  Property acquired under
> such contract shall be subject to division at the termination
> of the contract upon such terms as are specified in such
> contract."

In view of the foregoing statutes you are respectfully advised that it is
the opinion of this department that the commissioners' court of Galveston
County can contract with the Rosenberg Library for library privileges in
the manner prescribed by Article 1694, Vernon's Civil Statutes, provided
there are no restrictions in the will of Mr. Henry Rosenberg prohibiting
the same.

Trusting that the foregoing fully answers your inquiry, we remain.

                              Yours very truly,

                         ATTORNEY GENERAL OF TEXAS

                         s/ Ardell Williams


                         By
                             Ardell Williams
                             Assistant


AW:IM-ldw

ENCLOSURE

APPROVED OCT. 14, 1939          APPROVED OPINION COMMITTEE
s/ ROBERT E. KEPKE             BY B. W. B.
ACTING ATTORNEY GENERAL OF TEXAS   CHAIRMAN